MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
VIRGINIO MARTINEZ, JORGE MALDONADO and
JULIO MARTINEZ, *individually and on behalf of others similarly
situated,*

|  |  |
|---|---|
| *Plaintiffs,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION**<br>**UNDER 29 U.S.C. § 216(b)** |
| KORONET PIZZA CORP. (d/b/a KORONET PIZZA),<br>HRISTINA MANIKIS and PETER MANEKES, | **ECF Case** |
| *Defendants.* | |

-----------------------------------------------------------------X

Plaintiffs Virginio Martinez ("Plaintiff Virginio" or "Mr. Virginio"), Jorge Maldonado

("Plaintiff Maldonado" or "Mr. Maldonado"), and Julio Martinez ("Plaintiff Julio" or "Mr. Julio"),

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their

attorneys, Michael Faillace & Associates, P.C. upon their knowledge and belief, and as against each

of Defendants Koronet Pizza Corp. (d/b/a/ Koronet Pizza) ("Defendant Corporation"), Hristina

Manikis and Peter Manekes (collectively, "Defendants"), allege as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiffs are present and former employees of Defendants Koronet Pizza Corp.,

Hristina Manikis, and Peter Manekes who own and operate Koronet Pizza.

2.      Koronet Pizza are two pizzerias owned by Hristina Manikis and Peter Manekes,

located at 2848 Broadway, New York, NY 10025 (the "2848 Broadway location") and 4087

Broadway, New York, NY 10032 (the "4087 Broadway location").

3.      Upon information and belief, Defendants Hristina Manikis and Peter Manekes serve or served as owners, managers, principals, or agents of Defendant Corporation and through this corporate entity operate or operated the pizzerias as a joint or unified enterprise.

4.      Plaintiffs have been employees of Defendants.

5.      Plaintiff Virginio worked long days as a pizza maker at the 2848 Broadway location.

6.      Plaintiff Maldonado works long days ostensibly as a delivery worker at the 2848 Broadway location, but he is required to spend several hours each day performing non-tipped duties unrelated to deliveries including, preparing dough, cutting cheese, cutting vegetables, preparing pizza sauce, taking products to and from the basement, cleaning bathrooms, cleaning tables and restaurants, dishwashing, stocking deliveries, bringing sodas from basement, taking out trash, ripping boxes, cleaning containers (hereinafter non-tip/non-delivery duties).

7.      Plaintiff Julio worked long days as a counter worker, delivery worker, and food preparer at the 2848 Broadway location and as a pizza maker, food preparer, counter worker and cashier at the 4087 Broadway location.

8.      Plaintiffs regularly have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that they have worked over 40 each week.

9.      Rather, Defendants have failed to maintain accurate records of hours worked and have failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

10.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have worked over 10 hours per day.

11.    At relevant times, Defendants have failed to pay Plaintiff Virginio and Plaintiff Maldonado, and other similarly situated employees, at the required Minimum wage rate.

9.    Further, Defendants have employed and accounted for Plaintiff Maldonado as a delivery worker in their payroll, but in actuality his duties have included several hours spent performing the non-delivery, non-tipped functions such as those alleged above.

10.    Under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Maldonado's non-tipped duties exceed 20% of each workday, or 2 hours per day (whichever is less in each day) (12 N.Y.C.R.R. § 146).

11.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Maldonado's actual duties in payroll records to avoid paying Plaintiff Maldonado at the minimum wage rate, and to enable them to pay Plaintiff Maldonado at the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

7.    Defendants also maintained a policy and practice of requiring Plaintiff Julio and other similarly situated employees to purchase clothing and equipment necessary for their jobs at the employees' own expense.

12.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

13.    At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 et seq. ("FLSA"), for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

17.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

18.    Plaintiff Virginio Martinez is an adult individual residing in New York County, New York. Plaintiff Virginio was employed by Defendants from approximately 2004 until on or about April 2016. At all relevant times to this complaint, Plaintiff Virginio was employed by Defendants as a pizza maker at the 2848 Broadway location.

19.     Plaintiff Jorge Maldonado is an adult individual residing in New York County, New York. Plaintiff Maldonado has been employed by Defendants from approximately March 2015 until the present date. At all relevant times to this complaint, Plaintiff Maldonado has been employed by Defendants ostensibly as a delivery worker at the 2848 Broadway location.

20.     Plaintiff Julio Martinez is an adult individual residing in New York County, New York. Plaintiff Julio was employed by Defendants from approximately 2006 until on or about June 27th, 2017. At all relevant times to this complaint, Plaintiff Julio was employed by Defendants as a counter worker, delivery worker and food preparer at the 2848 Broadway location and as a pizza maker, food preparer, counter worker and cashier at the 4087 Broadway location.

*Defendants*

21.     Defendants own, operate and/or control two Pizzerias located at 2848 Broadway, New York, New York, 10025 and 4087 Broadway, New York, NY 10032 under the name of Koronet Pizza.

22.     Upon information and belief, Defendant Koronet Pizza Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal places of business at 2848 Broadway, New York, New York, 10025..

23.     Defendant Hristina Manikis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant Hristina Manikis is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant Hristina Manikis possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26.     Defendant Hristina Manikis determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Peter Manekes is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant Peter Manekes is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

29.     Defendant Peter Manekes possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

30.     Defendant Peter Manekes determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

31.     Defendants operate two pizzerias located at 2848 Broadway, New York, NY, 10025 and at 4087 Broadway, New York, NY 10032.

32.     Individual Defendants Hristina Manikis and Peter Manekes possess operational control over Defendant Corporation, possess ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

6

33.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.    Each Defendant possess or possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

35.    Defendants have jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

37.    Upon information and belief, Individual Defendants Hristina Manikis and Peter Manekes operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for their own benefit as sole or majority shareholders;

(e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of their own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

38.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

39.    Defendants have the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

40.    In each year from 2011 to the present date, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. For example, numerous items used in the pizzerias to make the pizza and food on a daily basis are produced outside of the State of New York.

*Individual Plaintiffs*

42.    Plaintiffs are present and former employees of Defendants.

43.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Virginio Martinez*

44.     Plaintiff Virginio was employed by Defendants from approximately 2004 until on or about April 2016.

45.     At all relevant times, Plaintiff Virginio was employed by Defendants to work as a pizza maker.

46.     Plaintiff Virginio regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a pizza maker at the 2848 Broadway location.

47.     Plaintiff Virginio's work duties required neither discretion nor independent judgment.

48.     Throughout his employment with Defendants, Plaintiff Virginio regularly worked in excess of 40 hours per week.

49.     From approximately July 2011 until on or about April 2016, Plaintiff Virginio worked from approximately 6:30 p.m. until on or about 3:30 a.m. Mondays through Wednesdays and from approximately 6:30 p.m. until on or about 5:30 a.m. Thursdays through Saturdays (typically 60 hours per week).

50.     Throughout his employment with defendants, Plaintiff Virginio was paid his wages in a combination of check and cash.

51.     From approximately July 2011 until on or about April 2016, Plaintiff Virginio was paid a fixed weekly salary of $600.00 per week ($300 by check and $300 in cash).

52.     Plaintiff Virginio's wages did not vary regardless of how many additional hours he worked in a week.

53.     For example, Defendants required Plaintiff Virginio to work 30 minutes past his scheduled departure time each day without compensating him for the additional time they required him to work.

54.     Plaintiff Virginio was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

55.     Defendants did not provide Plaintiff Virginio with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

56.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Virginio regarding wages as required under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Virginio with each payment of wages a statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Virginio, in English and in Spanish (Plaintiff Virginio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jorge Maldonado*

59.     Plaintiff Maldonado has been employed by Defendants from approximately March 2015 until the present date.

60.     At all relevant times to this complaint, Plaintiff Maldonado ostensibly has been employed by Defendants as a delivery worker at the 2848 Broadway location. However, Plaintiff Maldonado has been required to perform the non-delivery, non-tip duties outlined above.

61.     Plaintiff Maldonado regularly has handled goods in interstate commerce, such as food and supplies necessary to perform his duties.

62.     Plaintiff Maldonado's work duties have required neither discretion nor independent judgment.

63.     Throughout his employment with Defendants, Plaintiff Maldonado regularly has worked in excess of 40 hours per week.

64.     From approximately March 2015 until on or about April 2015, Plaintiff Maldonado worked from approximately 12:00 p.m. until on or about 9:00 p.m. three days per week and from approximately 12:00 p.m. until on or about 10:00 p.m. two days per week at the 2848 Broadway location (typically 47 hours per week).

65.     From approximately May 2015 until on or about April 2017, Plaintiff Maldonado worked from approximately 12:00 p.m. until on or about 9:00 p.m. four days per week and from approximately 11:00 a.m. until on or about 11:00 p.m. two days per week at the 2848 Broadway location (typically 58 hours per week).

66.     From approximately May 2017 until on or about June 2017, Plaintiff Maldonado worked from approximately 2:00 p.m. until on or about 11:00 p.m. five days per week (typically 45 hours per week).

67.     From approximately July 2017 until the present date, Plaintiff Maldonado has worked from approximately 2:00 p.m. until on or about 11:00 p.m. six days per week (typically 54 hours per week).

68.     Throughout his employment with defendants, Plaintiff Maldonado has been paid his wages in cash.

69.     From approximately March 2015 until on or about April 2015, defendants paid Plaintiff Maldonado a fixed salary of $400 per weekend and $10.00 per hour for any hours he worked over 9 in a day.

70.    From approximately May 2015 until on or about April 2017, defendants paid Plaintiff Maldonado a fixed salary of $510 per week and $10.00 per hour for any hours worked over 9 in a day.

71.    From approximately May 2017 until on or about June 2017, defendants have paid Plaintiff Maldonado a fixed salary of $450 per week.

72.    From approximately July 2017 until the present date, Defendants have paid Plaintiff Maldonado a fixed salary of $540 per week.

73.    Defendants have never granted Plaintiff Maldonado any break or meal periods of any length.

74.    Plaintiff Maldonado has never been notified by Defendants that his tips have been included as an offset for wages.

75.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Maldonado's wages.

76.    Plaintiff Maldonado has not been required to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device, such as sign in sheets or punch cards, that accurately reflect his actual hours worked.

77.    Defendants have not provided Plaintiff Maldonado with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

78.    Instead, defendants have required Plaintiff Maldonado to sign a document, the contents of which he has not been allowed to review, in order to get paid.

79.    No notification, either in the form of posted notices, or other means, have ever been given to Plaintiff Maldonado regarding wages as required under the FLSA and NYLL.

80.     Defendants have not provided Plaintiff Maldonado with each payment of wages a statement of wages, as required by NYLL 195(3).

81.     Defendants have not given any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Julio Martinez*

82.     Plaintiff Julio was employed by Defendants from approximately 2006 until on or about June 27, 2017.

83.     At all relevant times to this complaint, Plaintiff Julio was employed by Defendants as a counter worker, delivery worker and food preparer at the 2848 Broadway location and as a pizza maker, food preparer, counter worker and cashier at the 4087 Broadway location.

84.     Plaintiff Julio regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

85.     Plaintiff Julio's work duties required neither discretion nor independent judgment.

86.     Throughout his employment with Defendants, Plaintiff Julio regularly worked in excess of 40 hours per week.

87.     From approximately July 2011 until on or about October 2013, Plaintiff Julio worked from approximately 6:00 p.m. until on or about 2:30 a.m. three days per week and from approximately 6:00 p.m. until on or about 4:30 a.m. three days per week at the 2848 Broadway location (typically 57 hours per week).

88.     From approximately November 2013 until on or about December 2016, Plaintiff Julio worked from approximately 11:00 a.m. until on or about 9:00 p.m. five days per week and from

approximately 11:00 a.m. until on or about 1:00 a.m. one day per week at the 4087 Broadway location (typically 64 hours per week).

89.     From approximately January 2017 until on or about June 27, 2017, Plaintiff Julio worked from approximately 11:00 a.m. until on or about 9:00 p.m. six days per week at the 4087 Broadway location (typically 60 hours per week).

90.     Throughout his employment with Defendants, Plaintiff Julio was paid his wages in a combination of check and cash.

91.     From approximately July 2011 until on or about October 2013, Plaintiff Julio was paid a fixed weekly salary of $500 per week (mostly in cash).

92.     From approximately November 2013 until on or about December 2016, Plaintiff Julio was paid a fixed weekly salary of $600 per week ($300 in cash and $300 by check).

93.     From approximately January 2017 until on or about June 27, 2017, Plaintiff Julio was paid a fixed weekly salary of $680 per week ($340 by check and $340 in cash).

94.     Plaintiff Julio's wages did not vary regardless of how many additional hours he worked in a week.

95.     For example, Defendants required Plaintiff Julio to work 30 minutes to an hour past his scheduled departure time each day without compensating him for the additional time they required him to work.

96.     Defendants never granted Plaintiff Julio any break or meal periods of any length.

97.     Plaintiff Julio was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

98.    Defendants did not provide Plaintiff Julio with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

99.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Julio regarding wages as required under the FLSA and NYLL.

100.    Defendants did not provide Plaintiff Julio with each payment of wages a statement of wages, as required by NYLL 195(3).

101.    Defendants did not give any notice to Plaintiff Julio, in English and in Spanish (Plaintiff Julio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

102.    Defendants required Plaintiff Julio to purchase "tools of the trade" with his own funds—including white shirts, black pants and dress shoes.

*Defendants' General Employment Practices*

103.    At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation, and spread of hours pay, as required by federal and state laws.

104.    At no time have Defendants informed their delivery workers, including Plaintiff Maldonado, that they have reduced their hourly wages by a tip allowance.

105.    Defendants have required Plaintiff Maldonado, and all other delivery workers, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

106.    Plaintiff Maldonado and all other similarly situated employees, have been employed ostensibly as tipped employees by Defendants, although their actual duties include greater or equal time spent performing non-tipped, non-delivery duties.

107.    Plaintiff Maldonado and all other delivery workers have been paid at a rate that is lower than the minimum wage by Defendants; however, under state law Defendants have not been entitled to a tip credit because Plaintiff Maldonado's non-tipped duties have exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

108.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

109.    Plaintiff Maldonado's duties have not been incidental to his occupation as delivery worker, but instead constitute entirely unrelated general restaurant work with duties including the non-tipped duties described above.

110.    In violation of federal and state law as codified above, Defendants have classified Plaintiff Maldonado and other delivery workers as tipped employees and have paid them at a rate that is lower than the minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

111.    Defendants have failed to inform Plaintiff Maldonado that they intend to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be taken.

112.    Defendants have failed to inform Plaintiff Maldonado that his tips are being credited towards the payment of the minimum wage.

113.    Defendants have failed to maintain a record of tips earned by Plaintiff Maldonado, and other similarly situated employees, for the deliveries he makes to customers.

114.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage and overtime wage rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

115.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

116.    Plaintiffs have been victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they are owed for the hours they have worked.

117.    Defendants have not provided Plaintiffs, and all similarly situated employees, with any document or other statement accurately accounting for their actual hours worked and setting forth the minimum wage and overtime wage rates.

118.    Plaintiffs have been paid their wages in a combination of check and cash or in cash only.

119.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

120.    Defendants have also failed to post required wage and hour posters in the pizzerias, and have not provided Plaintiffs with statutorily required wage and hour records or statements of

their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

121.    Plaintiffs are victims of Defendants' common policy and practices which have violated their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they are owed for the hours they work.

122.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) minimum wage, (3) overtime compensation, and (4) spread of hours pay.

123.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

124.    Defendants' unlawful conduct has been intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former employees.

125.    Defendants have failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates  of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

126.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

127.    Plaintiffs bring their FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Koronet Pizza (the "FLSA Class").

128.    At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants do not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

129.    The claims of the Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    At all times relevant to this action, Defendants have been Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have the power to hire and fire Plaintiffs (and the FLSA class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

132.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

133.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

134.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

135.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

136.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

137.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

138.    Defendants, in violation of the FLSA, have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

139.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

140.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

141.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have the power to hire and fire Plaintiffs (and the FLSA Class members), have controlled terms and conditions of employment, and have determined the rates and methods of any compensation in exchange for employment.

143.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

144.     Defendants' failure to pay Plaintiffs' (and the FLSA Class members) minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

145.     Plaintiffs (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF

## THE NEW YORK STATE LABOR LAWS

146.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

147.    Defendants, in violation of the NYLL and associated rules and regulations, have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

148.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

149.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

150.    Plaintiffs (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

151.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

152.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

153.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours is willful within the meaning of New York Lab. Law § 663.

154.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

155.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

156.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

157.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

158.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

159.    Defendants have not provided Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

160.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

161.    Plaintiff Julio repeats and re-alleges all paragraphs above as though set forth fully herein.

162.   Defendants required Plaintiff Julio to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as white shirts, black pants and dress shoes, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

163.   Plaintiff Julio was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)   Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)   Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)   Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiffs and the FLSA class members;

(f)   Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against

24

wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law have been willful as to Plaintiffs and the FLSA Class members;

(m)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as spread of hours pay under the NYLL;

(n)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      July 17, 2017

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                    By:    /s/ Michael Faillace
                          Michael A. Faillace, Esq. [MF-8436]
                          60 East 42nd Street, Suite 4510
                          New York, New York 10165
                          (212) 317-1200
                          *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

June 9, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Virginio Martinez-Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                09 de junio de 2017

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Jorge Maldonado

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:                     _____

Date / Fecha:                          10 de julio de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
_____

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 29, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Julio Martinez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    29 de junio de 2017

*Certified as a minority-owned business in the State of New York*