# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

———————

michael@faillacelaw.com

September 21, 2018

**VIA ECF**

Honorable John G. Koeltl  
United States District Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, NY 10007-1312

      **Re:**    Martinez et al v. Koronet Pizza Corp. et al.,  
              17-cv-05457-JGK

Dear Judge Koeltl:

This office represents Plaintiffs Virginio Martinez, Jorge Maldonado, and Julio Marinez ("Plaintiffs") in the above referenced matter, and we write to respectfully request that the Court approve the Plaintiffs' settlement of this action with Defendant 2848 Broadway LLC.

The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions and a settlement conference before Magistrate Judge Gorenstein. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after Plaintiff files the stipulation of dismissal accompanying the proposed Agreement. The parties are also aware of the decision in Wolinsky v. Scholastic Inc., No. 11-cv-5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein.

Hon. John G. Koeltl, U.S.D.J.
September 21, 2018
Page 2 of 8

**Background**

Koronet Pizza is a pizzeria owned by 2848 Broadway LLC, located at 2848 Broadway, New York, NY, 10025.  2848 Broadway LLC acquired the Koronet Pizza pizzeria in or about June 2017.

Plaintiff Martinez was employed by Defendants from approximately 2004 until on or about April 2016.  Throughout his employment, Plaintiff Martinez typically worked 60 hours per week and was paid his wages by a combination of cash and check and a flat weekly salary of $600 per week.

Plaintiff Maldonado was employed by Defendants from approximately March 2015 until on or about August 7, 2017.  Throughout his employment, Plaintiff Maldonado typically worked 45 to 58 hours per week and was paid in cash.  Plaintiff Maldonado was paid a fixed salary of $400 per weekend and $10.00 per hour for any hours worked over 9 in one day from approximately March 2015 until in or about April 2015.  From approximately May 2015 until in or about April 2017, Plaintiff Maldonado was paid $510 per week and $10.00 per hour for any hours worked over 9 in one day.  From approximately May 2017 until in or about June 2017, Plaintiff Maldonado was paid a fixed salary of $450 per week.  From approximately July 2017 until on or about August 7, 2017, Plaintiff Maldonado was paid a fixed salary of $540 per week.

Plaintiff Julio was employed by Defendants from approximately 2006 until on or about June 27, 2017.  Throughout his employment, Plaintiff Julio typically worked 57 to 64 hours per week and was paid by a combination of cash and check.  Plaintiff Julio was paid $500 per week from approximately July 2011 until in or about October 2013.  From approximately November 2013 until in or about December 2016, Plaintiff Julio was paid $600 per week.  From

approximately January 2017 until on or about June 27, 2017, Plaintiff Julio was paid $680 per week.

Plaintiffs brought this action seeking to recover unpaid regular and overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. Plaintiffs alleged that 2848 Broadway LLC was liable as a successor for the violations that allegedly occurred before it acquired Koronet Pizza. Plaintiffs estimated that, in a best case scenario, they would be entitled to approximately $160,000 in overtime wages against 2848 Broadway LLC.

2848 Broadway LLC contended that it could not be held liable as a successor, but after weighing the evidence, risks of trial and the expenses of litigation, the parties have negotiated a reasonable settlement.

**Settlement**

At a settlement conference held before Magistrate Judge Gorenstein, the parties agreed to settle this action for the total sum of $10,000 which will be fully paid within 30 days of Court approval. $6,667 of the settlement amount will be paid to the Plaintiffs, and the remaining $3,333 will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement

reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Here, the parties settled at a conference before Magistrate Judge Gorenstein, so there is no possibility of fraud or collusion, as the parties vigorously negotiated this outcome under direct Court supervision. The Settlement Agreement is the product of arm's-length bargaining between experienced counsel, and the terms were explicitly agreed to at a settlement conference with all parties expressly consenting to all of the terms reduced to writing in the formal Settlement Agreement.

There can thus be no doubt that the Agreement here is fair to Plaintiffs. Plaintiff have been represented by counsel throughout this lawsuit, and he has made an informed decision to settle the action. While the amounts that Plaintiffs will receive are relatively low in comparison to their alleged damages, Plaintiffs faced a serious and significant risk of not being able to establish that 2848 Broadway LLC was liable as a successor. Dismissal of this action will not prejudice anyone other than the named Plaintiffs; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit. Additionally, Plaintiffs also have reached a settlement

Hon. John G. Koeltl, U.S.D.J.
September 21, 2018
Page 5 of 8

with the other Defendants in the action for payment of a total of $150,000, $100,000 of which would be paid to the Plaintiffs themselves.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $3,333 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School

from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Joshua Androphy's regular billing rate, which is used to calculate the lodestar amount, is $400 per hour. This is his regular billing rate for matters which he bills by the hour, and is a fair rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At his departure from Olshan Frome Wolosky his regular billing rate was $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's work is indicated by the initials "JA."

- Haleigh Amant is an associate at Michael Faillace & Associates, P.C. Since graduating law school in 2017 from the George Washington University Law school, she has been practicing strictly employment law and representing employees in wage and hour disputes. Her work is billed at $250 per hour and indicated by the initials "HA."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See* Perez v. Platinum Plaza 400 Cleaners, Inc., Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding

requested rates to Mr. Faillace and his associate, Mr. Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and within the range of fees typically awarded in cases in this Circuit. "'[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (*quoting* Farrar v. Hobby, 506 U.S. 103,114 (1992)).  Here, Plaintiffs' counsel was able to obtain a satisfactory settlement prior to trial.

Plaintiffs' total lodestar amount of attorneys' fees is $17,896.25, plus $_1,337.20 in costs. Plaintiffs' billing records are annexed as Exhibit B hereto.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances, and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client.  Plaintiffs' interests have thus been adequately safeguarded.  In full consideration of the issues presented in Cheeks, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the Agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Hon. John G. Koeltl, U.S.D.J.
September 21, 2018
Page 8 of 8

                                                    Respectfully Submitted,

                                                    /s/ Michael Faillace
                                                    Michael Faillace, Esq.
                                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                                                    *Attorneys for Plaintiff*

cc:      Tim Coon, Esq. (via ECF)
           *Attorney for Defendants*